The Honorable Bill Scrimshire State Representative 1712 Haltom Road Malvern, Arkansas 72104-2107
Dear Representative Scrimshire:
I am writing in response to your request for an opinion on the following question:
 Is it legal for the County Tax Collector to refuse property tax payment until a patron in a rural fire district has paid his assessed fee of $50.00?
RESPONSE
If your question refers to a "rural fire improvement district" governed by A.C.A. § 14-284-201 to -225 (Repl. 1998), it is my opinion that the answer to your question is "no."[1]
As I recently stated in Opinion 2000-299:
 The two Arkansas Code subchapters governing fire protection improvement districts are found at A.C.A. §§ 14-284-101 to -125 (entitled "Fire Protection Districts") and §§ 14-284-201 to -225 ("Fire Protection Districts Outside of Cities and Towns.")" The assessments collected in these districts are levied either as benefits against property within the district or as flat fees on the property, both of which are collected with property taxes. See A.C.A. §§ 14-284-108 and -112 (Repl. 1998), and 14-284-212, -212(g), and -215 (Repl. 1998).
Op. Att'y Gen. 2000-299 at 2.
The subchapter on rural fire districts is clear in imposing a duty on the county collector to collect the assessments or flat fees along with the other taxes. See A.C.A. § 14-284-215 (b) and (c)(1) (Repl. 1998).
With regard to the collection of delinquent assessments or fees, however, the relevant statute is A.C.A. § 14-284-216, which provides as follows:
Assessments — Time for payment — Failure to pay.
 (a) All annual assessments extended and levied under the terms of this subchapter shall be payable at the time ad valorem taxes are payable. If any annual assessments levied by the board pursuant to this subchapter are not paid when due, the collector shall not embrace the assessments in the taxes for which the collector shall sell the lands, but the collector shall report the delinquencies to the board of commissioners, who shall add to the amount of the annual assessment a penalty of ten percent (10%).
 (b) The board of commissioners shall enforce the collection by chancery proceedings in the chancery court of the county in the manner provided by §§ 14-121-426—14-121-432. [Emphasis added.]
I recently stated, in answering a question as to the applicable procedure to collect unpaid fire district assessments, that:
 The collector reports the delinquencies to the board of commissioners, the board adds a 10% penalty, and collection is enforced" by chancery proceedings in the chancery court in the county in the manner provided by §§ 14-121-426 to 14-121-432." See A.C.A. §§ 14-284-113(a)(2) and (b) and 14-284-216(b). The referenced Code sections, 14-121-426 to -432 (Repl. 1998), detail the requirements for proceeding in chancery court to obtain judgment for the amount of "taxes," i.e., assessments, in drainage improvement districts, including notice requirements and provisions governing the sale of land to satisfy the judgment.
Opinion No. 2000-299 at 2.
The relevant statutes do not indicate that the collector shall not accept payment of property taxes unless the fee is paid. If this had been the legislative intention, it would have been easy to so indicate. Cf., A.C.A. § 8-6-212(b)(2)(C)(i) (Repl. 2000) (stating, with regard to solid waste fees, that "[n]o county collector of taxes shall accept payment of any property taxes where annual fees and service charges or delinquent periodic fees and service charges appear on the county tax records of a taxpayer unless the fees and service charges due are also receipted).
It is evident from a reading of the statutory language above that the county collector is not to "embrace the assessments" in the taxes for which the collector shall sell the lands, but instead, is to report delinquencies to the board of commissioners of the fire district, for enforcement by chancery court proceedings. In my opinion, this language indicates that nonpayment of the fee will not lead to delinquencies in tax payments. The fees are not made part and parcel of the taxes. Delinquencies in the fees are to be treated separately from delinquent tax payments. In my opinion, therefore, the county collector may not refuse to accept payment of property taxes without payment of the fire district fee.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Your question appears to address such a "district," rather than a "volunteer fire department." I do not address herein the collection of dues on behalf of such departments, which dues may become a "lien" upon the property under separate statutory authority. See A.C.A. §14-20-108(b)(1).